# SHEBELL & SHEBELL LLC
## ATTORNEYS AT LAW

Thomas F. Shebell, III*

Mark T. Apostolou, Jr. *
Danielle S. Chandonnet**
John H. Sanders, II*

Michelle C. Shebell
Christian R. Mastondrea

OF COUNSEL
*Raymond P. Shebell,* Sr.
*Thomas F. Shebell, Jr.* **
*Philip G. Auerbach*
*Victor Rallo, Jr.*

IN MEMORIAM
*Thomas F. Shebell, Sr.*
*(1927-1986)*



*Certified by the Supreme Court of NJ as a Civil Trial Attorney
** Member NJ & NY Bars
† License in Illinois

655 Shrewsbury Ave.
Suite 314
Shrewsbury, NJ 07702

T 732.663.1122
F 732.663.1144

www.Shebell.com

Additional Office in Newark, NJ

December 29, 2022

*Via Efiling*
Honorable Jose R. Almonte, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

    Re:    Echevarria v. County of Essex, et al.
           Civil Action No.:    2:21-cv-16609
           Our File No.:        52611

Dear Judge Almonte:

    I am reaching out in this matter to seek leave from the Court to file a motion to compel the discovery of requested information and depositions from the Defendant County of Essex in this matter.

    As the Court is aware from our prior conferences in this case, discovery in this matter has been extended many times due to the failure of the Defendant County to produce discovery. Although we received some answers to interrogatory questions that were sent out, we have received no responses to our follow up letter, a copy of which is attached here.

    Today is the most recent fact discovery end date in this case and we have received minimal discovery from the county, no depositions of county personnel that were requested, and we have no choice but to ask the court for additional time to conduct discovery. Given these circumstances it is respectfully requested that the court grant us a conference to permit the filing of a motion to compel discovery.

    Thank you.

                           Respectfully Submitted,
                            ***/s/John H. Sanders, II***
                            JOHN H. SANDERS, II

JHS/lmp
cc:    Alan Ruddy, Esq., Assistant County Counsel
        Stephen D. Holtzman, Esq.
        Jeffrey McClain, Esq.

# SHEBELL & SHEBELL LLC
## ATTORNEYS AT LAW

Thomas F. Shebell, III*

Mark T. Apostolou, Jr. *
Danielle S. Chandonnet**
John H. Sanders, II*

Catherine M. Carton**
Michelle C. Shebell
Christian R. Mastondrea
Matthew R. Eichen

OF COUNSEL
*Raymond P. Shebell,* Sr.
*Thomas F. Shebell, Jr.* **
*Philip G. Auerbach*
*Victor Rallo,* Jr.

IN MEMORIAM
*Thomas F. Shebell, Sr.*
*(1927-1986)*



*Certified by the Supreme Court of NJ as a Civil Trial Attorney
** Member *NJ & NY Bars*
† *License in Illinois*

655 Shrewsbury Ave.
Suite 314
Shrewsbury, NJ 07702

T 732.663.1122
F 732.663.1144

www.Shebell.com

Affiliate Office

25 Monument St.
Suite A-1
Freehold, NJ 07728

October 17, 2022

**_Via Email: aruddy@counsel.essexcountynj.org_**
Courtney M. Gaccione, Essex County Counsel
Alan Ruddy, Esq., Assistant County Counsel
Office of the Essex County Counsel
Hall of Records, Room 535
465 Dr. Martin Luther King, Jr., Blvd.
Newark, NJ 07102

      Re:    Echevarria v. County of Essex, et al.
              Case No.: 2:21-cv-16609
              Our File No.: 52611

Dear Counselors:

      I am in receipt of the Defendants' answers to interrogatories and responses to document demands. There are a number of issues with the lack of information provided and the assertion of objections that I would like to try to resolve with the defense prior to bringing the issues to the judge. I remind you that these requests have been pending for over six months from when they were served on February 4, 2022. In particular:

      Interrogatory 1 asks for the rules that the County has for compliance with the New Jersey Law Against Discrimination and Americans With Disabilities Act concerning disability discrimination. As you know, this matter involves a claim that the Defendants violated the Plaintiff's rights under these statutes. The Plaintiff is entitled to be provided with information concerning what, if anything, was done by them to address the rights created under these statutes. This is highly relevant evidence in this case, as the lack of rules or guidance on these issues would be probative of the violations alleged by the Plaintiff.

      Interrogatory 2, likewise, asks for this information specific to the Essex County Department of Corrections. Again, evidence which is highly probative where the Plaintiff is suing for violations of these statutes.

      For Interrogatory 3, an unclear response is provided. Please clarify whether the defense here is claiming that the Plaintiff did not ask for medical accommodations, which seems to be the conclusion suggested by the unclear answer.

For Interrogatory 4, the defense provides information concerning the contractor that oversees the medical department and is unresponsive to the questions as to the "education, training or experience" required for an appointment to the medical department. Regardless of who provided this information, it is highly probative to the issues in this case concerning the medical information that was supposed to have been relied on in determining the Plaintiff's entitlement to medical accommodations provided by these medical professionals.

For Interrogatory 6, the defense response is limited to lawsuits concerning failures or refusals to accommodate, which the question asks for "any suits or complaints, both formal and informal, written or oral". Please provide a complete answer to this question.

For Interrogatory 7, the assertion that "Sgt. Lopez was not involved in the main action of this case" is non-responsive to the Interrogatory, which concerns "all prior claims or complaints" against Lopez. Concerning the scope of the interrogatory, it is restricted to accusations for "abuse of authority, discrimination, harassment, or a violation of civil rights" which is the exact subject matter of this case. Sgt. Lopez's prior complaints are highly relevant evidence concerning his alleged conduct in this case.

For Interrogatory 8, there is no response. This interrogatory asks for the identity of the individuals involved in the handling of Romero's accommodations and no individuals are identified. The plaintiff is entitled to know the identity of these witnesses.

The answer to Interrogatory 10 is also non-responsive. The Plaintiff is entitled to know if and what the procedures were for addressing and correcting complaints concerning the abuse of authority and discrimination issues which the Plaintiff is alleging in this case, including the identity of the witnesses who oversee the process.

The answer to Interrogatory 11, while it is agreed that medical assigned the Plaintiff to the bottom bunk based upon his disability, the allegation in the case is that the assignment and accommodation was not honored in an act of discrimination which violated state and federal law. The Plaintiff is entitled to know who ultimately made the decision of assignment, as that person would be a witness in this matter.

The answer to Interrogatory 13, the allegation in the case is that the Plaintiff suffered an injury when he fell off of a bunk. He is entitled to discovery concerning the bunk, including the information requested concerning the manufacturer, model and any records.

      Concerning Interrogatory 16, as in 1 above, the Plaintiff has a Monell claim here concerning policies and customs relating to the accommodations requested by inmates at Essex County, including the manner and means of assignment of bunks. Please provide a responsive answer.

      The answer to 17 is unresponsive. If there was no inspection after the Plaintiff was injured, please have the County confirm.

      The Court has scheduled a conference for October 19, 2022 to discuss the outstanding discovery issues in this case. In addition to the above, we have still not received any dates for the Defendant's witnesses. I intend to take the depositions of the person most familiar with the policies and procedures concerning medical accommodations, the person with the most knowledge of the policies and procedures for bunk assignments and for carrying out the bunk assignments, and for the officer who was charged with carrying out the bunk assignments for medical accommodations.

      Thank you.

                                        Very truly yours,

                                        JOHN H. SANDERS, II, ESQ.

JHS/lmp/encl.
cc:    Stephen D. Holtzman, Esq.